GLADNEY, Judge.
Pharr Bros., Inc. initially sued and sought judgment against Today, Inc. in the sum of $1,951.25 bearing legal interest thereon from date of judicial demand. By supplemental and amended petition plaintiff enlarged its pleadings to name Lakewood Villa Apartments, Inc. as a co-defendant and prayed for judgment against both defendants with recognition of a recorded labor lien affecting real estate owned by Lakewood Villa Apartments, Inc. Each of the defendants joined issue by filing answers generally denying all allegations of the original and amended petitions. Following trial judgment was rendered rejecting plaintiff’s demands. The latter perfected a devolutive appeal.
The evidence adduced upon the trial indicates a complete absence of proof of the action against Today, Inc. and it appears from appellant’s brief this claim has been abandoned.
*867 Before this court counsel for Pharr Bros., Inc. charges error by the trial court in not awarding a personal judgment against Lakewood Villa Apartments, Inc. with recognition of its labor lien against the latter’s property.
The uncontradicted testimony of David and Ted Pharr and some of their employees evidenced the validity of the indebtedness claimed and that all of the work was performed on Lakewood Villa’s property between July 9 and July 14, 1974. This evidence adequately supports appellant’s right to a personal judgment.
Appellant’s effort to obtain judicial recognition of the labor lien must fail. The contract for the work performed was verbal and the lien affidavit was not filed within sixty days of the last performance of labor on. the job. The evidence is conclusive to the effect that the work was performed from July 9 through July 14, 1974. The affidavit designed to secure the privilege upon the land of property of Lakewood Villa Apartments, Inc. was not recorded in the mortgage records until January 5, 1975. Therefore, the lien was not timely filed “. . . within sixty days after the date of the last delivery of all materials upon the said property or the last performa.nce of labor upon the same . . .” as required by LSA-R.S. 9:4812 to perfect.
The judgment from which plaintiff appealed is affirmed in all respects except for its failure to decree in favor of Pharr Bros., Inc. a personal judgment against Lakewood Villa Apartments, Inc.
Therefore, it is ordered there be judgment in favor of Pharr Bros., Inc. and against Lakewood Villa Apartments, Inc. in the full sum of $1,951.25, together with legal interest thereon from date of judicial demand, costs to be assessed against Lakewood Villa Apartments, Inc.
Affirmed in part, reversed in part and rendered.